IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Gary Seth Wright** | | | |
| | Name: First | Middle | Last | |
| Debtor 2 (Spouse, if filing) | Name: First | Middle | Last | |
| Case number: (If known) | **20-80027** | | | |

Check if this is an amended plan ☑
Amends plan dated: 3/17/2020

# Chapter 13 Plan

## Part 1: Notices

To Debtor(s): This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

**$840.00 for 1 month and $1,533.00** per **Month** for **59** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2 Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to: **Bocar US Inc.**
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

2.3 Income tax refunds and returns. *Check one.*

Chapter 13 Plan   Page 1
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Case 20-80027-CRJ13   Doc 59   Filed 03/24/20   Entered 03/24/20 09:45:48   Desc Main
Document   Page 1 of 7


| Debtor | **Gary Seth Wright** | Case number | **20-80027** | Eff (01/01/2019) |

- [✓] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows: _____
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4** **Additional Payment** *Check all that apply.*
  [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

  [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
  [✓] Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| USAA/Nationstar Mortgage | 19709 Riverside Street Athens, AL 35611 Limestone County | $253,785.00 | $1,484.00 Disbursed by: Debtor To Begin: 1 | $375.00 | January 2020 | 15.00 | |

**3.2** Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

  [✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

  [ ] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
  [✓] The claims listed below:
  1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
  2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
  3. are fully secured.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

  The holder of any claim listed below will retain the lien until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

Case 20-80027-CRJ13    Doc 59    Filed 03/24/20    Entered 03/24/20 09:45:48    Desc Main
Document    Page 2 of 7

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Wells Fargo Dealer Services | $152.00 | $15,251.00 | 2011 Land Rover Range Rover 106,000 miles NADA Value | $15,350.00 | 6.25% | $415.00 | |

3.4  **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

    ☑  None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5  **Surrender of collateral.** *Check one.*

    ☑  None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:  Treatment of Fees and Priority Claims

4.1  **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2  **Chapter 13 case filing fee.** *Check one.*

    ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
    ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3  **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**0.00**.
The balance of the fee owed to Debtor(s)' attorney is $**3,500.00**, payable as follows (*check one*):

    ☐ $ at confirmation and $ per month thereafter until paid in full, or
    ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4  **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

    ☑  None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5  **Domestic support obligations.** *Check one.*

    ☐  None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
    ☑  Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

    ☐  One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? (yes or no)? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| Krysee Wright | $22,408.47 | ☑ Yes ☐ No | $492.00 | |

| Debtor | Gary Seth Wright | Case number | 20-80027 | Eff (01/01/2019) |

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? (yes or no)? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| Krysee Wright | $9,646.95 | ☑ Yes ☐ No | $218.00 | |
| Krysee Wright | $10,445.33 | ☑ Yes ☐ No | $237.00 | |
| Krysee Wright | Ongoing amount of $1,779.00 per month paid direct by Debtor | | | |

**Part 5: Treatment of Nonpriority Unsecured Claims**

5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2 Percentage, Base, or Pot Plan. *Check one.*

☑ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☐ Base Plan. This plan proposes to pay $____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*
☑ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims. *Check one.*

☑ None. *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5 Other separately classified nonpriority unsecured claims. *Check one.*

☑ None. *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

**Part 6: Executory Contracts and Unexpired Leases**

6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2 The executory contracts and unexpired leases listed below are rejected: *Check one.*

☑ None. *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**Part 7: Sequence of Payments**

7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

**Part 8: Vesting of Property of the Estate**

8.1 Property of the estate will vest in Debtor(s) *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy
Case 20-80027-CRJ13    Doc 59    Filed 03/24/20    Entered 03/24/20 09:45:48    Desc Main
Document    Page 4 of 7

| Debtor | Gary Seth Wright | Case number | 20-80027 | Eff (01/01/2019) |

## Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☑ **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

**THE DEBTOR SHALL NOT SEEK MODIFICATION OF THIS PLAN UNLESS SAID MODIFICATION ALSO PAYS 100% DIVIDEND TO UNSECURED CLAIMS. ADDITIONALLY, SHOULD THIS PLAN EVER FAIL TO PAY A 100% DIVIDEND TO UNSECURED CLAIMS, THE DEBTOR WILL MODIFY THE PLAN TO CONTINUE PAYING A 100% DIVIDEND. IF THE PLAN FAILS TO PAY ALL ALLOWED CLAIMS IN FULL, THE DEBTOR WILL NOT RECEIVE A DISCHARGE IN THIS CASE.**

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X  /s/ Gary Seth Wright                              Date  **March 19, 2020**
   Gary Seth Wright

X  _____                   Date

Signature of Attorney for Debtor(s):
X  /s/ Janet L. Wilkes                               Date  **March 19, 2020**
   Janet L. Wilkes
   2815 Zelda Road, Suite B
   Montgomery, AL 36106
   334-262-8200

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

Chapter 13 Plan                                                                                   Page 5 of 5
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Case 20-80027-CRJ13    Doc 59    Filed 03/24/20    Entered 03/24/20 09:45:48    Desc Main
                                 Document      Page 5 of 7

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) Chapter 13 |
| GARY SETH WRIGHT | ) |
| | ) Case No. 20-80027 |
| Debtor. | ) |

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the Amended Plan dated March 19, 2020 was sent either by First Class U.S. Mail, postage pre-paid, or via electronic mail on March 24, 2020.

Chapter 13 trustee
Via Electronic Filing

Krysee Wright
36 County Road 367
Trinity, AL 35673

All creditors and parties in interest on the attached matrix

/s/ Janet L. Wilkes
Of Counsel

| Label Matrix for local noticing<br>0126-8<br>Case 20-80027-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Tue Mar 24 09:33:20 CDT 2020 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | Krysee Wright<br>8209 County Road 214<br>Trinity, AL 35673-4526 |
|---|---|---|
| Sheffield Financial<br>PO Box 1704<br>Clemmons, NC 27012-1704 | Sheffield Financial<br>PO Box 1847<br>Wilson, NC 27894-1847 | USAA Federal Savings Bank<br>Bankruptcy Department<br>P.O. Box 619096<br>Dallas, TX 75261-9096 |
| USAA Savings Bank<br>10750 McDermott Fwy<br>San Antonio, TX 78288-1600 | USAA/Nationstar Mortgage<br>8950 Cypress Waters Blvd, Ste B<br>Coppell, TX 75019-4620 | Wells Fargo Bank N.A., d/b/a Wells Fargo Aut<br>PO Box 130000<br>Raleigh NC 27605-1000 |
| Gary Seth Wright<br>19709 Riverside Street<br>Athens, AL 35611-8876 | Janet L Wilkes<br>Isaak Law Firm<br>2815 Zelda Road, Ste B<br>Montgomery, AL 36106-2727 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

End of Label Matrix
Mailable recipients  11
Bypassed recipients   1
Total                12