UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| Gary Seth Wright ) | CASE NO. **20-80027**-CRJ-13 |
| ) | |
| SSN: XXX-XX-8597 ) | CHAPTER 13 |
| DEBTOR ) | |

**CONFIRMATION ORDER**

The Debtor's plan was filed on **March 24, 2020**. The Court finds that the plan (or amended plan if applicable) meets the requirements of 11 U.S.C. § 1325.

**IT IS THEREFORE ORDERED THAT:** The Debtor's Chapter 13 plan is confirmed, with the following provisions:

(1) **Plan Payments** – The Debtor shall pay **$840.00 MONTHLY FOR 1 MONTH AND $1,533.00 MONTHLY FOR 59 MONTHS** to Michele T. Hatcher, the Chapter 13 Trustee. This is a **60 month EXTENSION** plan.

(2) **Claims** – To be paid in this case, a creditor must file a proper proof of claim with this Court. The Trustee shall pay the rate of interest stated on the Plan for each allowed secured claim, unless otherwise ordered. The Trustee shall pay the extent of each secured claim as follows:

- THE CLAIM OF **USAA FEDERAL SAVINGS BANK** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$15.00** UNTIL SAID CLAIM IS PAID IN FULL.

- THE CLAIM OF **WELLS FARGO BANK N.A., D/B/A WELLS FARGO AUTO** SHALL BE DEEMED A FULLY SECURED CLAIM AND SHALL BE PAID MONTHLY INSTALLMENTS OF **$415.00** UNTIL SAID CLAIM IS PAID IN FULL.

(3) **Attorney Fee** – The Debtor's attorney is awarded a fee of **$3,500.00** of which **$0.00** has been paid.

(4) **Payments by the Trustee** – From the plan payments received, the Trustee shall pay allowed claims against the Estate in accordance with Administrative Order No. 17-06.

**Special Provisions:**

- **THE PLAN AS CURRENTLY PROPOSED PAYS A 100% DIVIDEND TO UNSECURED CLAIMS. THE DEBTOR SHALL NOT SEEK MODIFICATION OF THIS PLAN UNLESS SAID MODIFICATION ALSO PAYS 100% DIVIDEND TO UNSECURED CLAIMS. ADDITIONALLY, SHOULD THIS PLAN EVER FAIL TO PAY A 100% DIVIDEND TO UNSECURED CLAIMS, THE DEBTOR WILL MODIFY THE PLAN TO CONTINUE PAYING A 100% DIVIDEND. IF THE PLAN FAILS TO PAY ALL ALLOWED CLAIMS IN FULL, THE DEBTOR WILL NOT RECEIVE A DISCHARGE IN THIS CASE.**

- CLAIMS DISTRIBUTION WILL BE SUBJECT TO MODIFICATION AFTER BAR DATE REVIEW.

(5) **Child Support and Alimony** – Debtor shall pay all current child support and/or alimony payments which become due during the life of this plan. All stays provided for by the Bankruptcy Court or orders of this Court which would prohibit the filing of a wage withholding order against the Debtor to force payment of current child support or alimony are hereby vacated.

(6) **Property of the Estate** – Notwithstanding any contrary provision in the plan, "[T]he plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *In re Telfair,* 216 F.3d 1333 (11th Cir. 2000) (quoting *In re Heath*, 115 F.3d at 524 (7th Cir. 1997)).

(7) **Dismissal –** If this case is dismissed, any monies received prior to the order of dismissal shall be distributed according to the confirmed plan.

Dated this the 11th day of June, 2020.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge